United States District Court
Southern District of Texas
**ENTERED**
September 17, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CHERRIE BAZILE and A.A., a minor child, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-2936 |
| | § | |
| TEXAS JUVENILE JUSTICE DEPARTMENT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Cherrie Bazile and A.A, a minor child, filed this this lawsuit on August 7, 2024, alleging that A.A's civil rights were violated in juvenile court and juvenile detention. Their claims arise under 42 U.S.C. § 1983, which permits a plaintiff to bring a claim against a person acting under color of state law, such as a state official, for a violation of federal rights. The plaintiffs proceed *pro se* and paid the filing fee. The defendants are (1) the Texas Juvenile Justice Department (TJJD) and (2) Hon. Leah Shapiro.

The plaintiffs have filed multiple pleadings, most recently on April 24, 2025 (Dkt. 16; *see* Dkt. 1; Dkt. 10; Dkt. 10-1; Dkt. 12; Dkt. 14). The pleadings allege wrongs to A.A. during his court proceedings and detention in Harris County in 2023 and 2024. In particular, the plaintiffs allege that Judge Shapiro violated A.A.'s rights when she held and "attempted to prosecute" him on a charge he did not commit and, on June 4, 2024, sent a constable to arrest him. *See* Dkt. 16, at 3-5 (describing proceedings before Hon. Leah Shapiro between December 11, 2023 and June 4, 2024); *id*. at 5-7 (describing issues during

A.A.'s hospitalization in June 2024); *id*. at 11-13 (describing events between May and August 2024). The pleadings do not make specific allegations against TJJD but generally allege negligence in connection with A.A.'s detention and inadequate medical care for an eye infection (*id*. at 5-7). As relief, the plaintiffs seek $998,000 for "damages caused" (*id*. at 8).

On May 9, 2025, the Court entered an order to show cause why this action should not be dismissed without prejudice because the defendants had not been served with process (Dkt. 17). *See* FED. R. CIV. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time"); *Thrasher v. City of Amarillo*, 709 F.3d 509, 511-12 (5th Cir. 2013). The plaintiff then filed documents stating that both defendants had been served by certified mail, return receipt requested, in August 2024.

On July 10, 2025, the Court entered an order holding that the plaintiffs' filings did not demonstrate proper service of process under Federal Rule of Civil Procedure 4 and the Texas Rules of Civil Procedure. The order granted the plaintiffs "one additional opportunity to effect service of process" and *sua sponte* extended their deadline by 30 days, to Monday, August 11, 2025, to show cause why this civil action should not be dismissed under Rule 4(m) (Dkt. 20, at 3).[1] The order warned the plaintiffs that if they failed to

---

[1] Because the 30-day period ended on Saturday, August 9, 2025, the plaintiffs' deadline was extended to the next business day. FED. R. CIV. P. 6(a)(1)(C).

respond on time, or filed a response that did not demonstrate proper service or good cause for an extension of time, the Court would dismiss this action (*id.* (citing FED. R. CIV. P. 4(m); FED. R. CIV. P. 41(b)).

Since the Court's most recent order, the plaintiffs have filed a "Notice of Failure to Respond" concerning the efforts of a private process server to serve TJJD with process (Dkt. 21). The filing includes an affidavit from the server, who states that he served the "Texas Juvenile Department" in person on July 25, 2025, by delivery to an executive assistant. The plaintiffs also filed a "return of service" that includes the same affidavit (Dkt. 23). They have not filed any service documents regarding Judge Shapiro. Neither defendant has appeared in this action.

Pursuant to Rule 4(m) and the Court's prior warnings and instructions (Dkt. 17; Dkt. 20), and because the plaintiffs have not submitted proof of service on Judge Shapiro as instructed, their claims against Judge Shapiro will be dismissed without prejudice  *See* FED. R. CIV. P. 4(m); FED. R. CIV. P. 41(b).

Regarding TJJD, the Court reviews the record for proper service under Rule 4(m) and, additionally, for subject matter jurisdiction. Here, the plaintiff's recent documents regarding service on TJJD state that documents were delivered to an executive assistant. The documents do not reflect that the assistant was authorized to accept service on behalf of TJJD. *See, e.g., Lisson v. ING GROEP N.V.*, 262 F. App'x 567, 569 (5th Cir. 2007) (citing *O'Meara v. New Orleans Legal Assistance Corp.,* No. 90–4893, 1991 WL 110401, at *2 (E.D. La. June 10, 1991); *Syss. Signs Supplies v. U.S. Dep't of Just.,* 903 F.2d 1011, 1013 (5th Cir. 1990) (per curiam) (the serving party must prove that the person who

accepted service was actually authorized to do so); *Wagster v. Gauthreaux*, Civ. No. 12-0011, 2013 WL 5554104, at *2 (M.D. La. Oct. 7, 2013) ("To establish an agency relationship the individual sought to be served must have *actually* authorized another to accept service of process on the would-be principal's behalf; delivery to a purported agent does not constitute service on the would-be principal, even if the 'agent' represents himself to be so authorized or accepts service") (cleaned up). Thus, on this record, the Court in its discretion determines that plaintiffs have not demonstrated proper service of process on TJJD.

In any event, even assuming that TJJD was properly served, the Court must examine its jurisdiction over the plaintiffs' claims. Federal Rule of Civil Procedure 12(h)(3) requires a court to dismiss an action at any time if the court determines that it lacks subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Smith v. Regional Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (cleaned up).

TJJD is a state agency, and thus the plaintiffs' claims against TJJD are claims against the State of Texas. *See Mayfield v. Tex. Dep't of Crim. Justice*, 529 F.3d 599, 604 (5th Cir. 2008). Because the Eleventh Amendment protects the states' sovereign immunity, federal courts lack jurisdiction over suits against a state for money damages unless the state has waived its immunity or Congress has clearly abrogated that immunity. *Harrison v. Young*, 48 F.4th 331, 337-38 (5th Cir. 2022); *NiGen Biotech, L.L.C., v. Paxton*, 804 F.3d 389, 393-94 (5th Cir. 2015). Texas has not waived its Eleventh Amendment immunity, and Congress did not abrogate that immunity when enacting § 1983. *Id.* at 394. Therefore,

this Court lacks subject-matter jurisdiction over the plaintiffs' claims against TJJD for monetary damages, and the claims must be dismissed under Rule 12(h)(3).

For the reasons stated above, the Court **ORDERS** as follows:

1. The plaintiffs' claims against Judge Shapiro are **DISMISSED without prejudice**. FED. R. CIV. P. 4(m); FED. R. CIV. P. 41(b).

2. The plaintiffs' claims against TJJD are **DISMISSED without prejudice**. FED. R. CIV. P. 4(m); FED. R. CIV. P. 12(h)(3).

3. This civil action is dismissed.

4. All pending motions, if any, are **DENIED as moot**.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on  September 17 , 2025.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE